# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § Case No. 4:18-CR-233(1) |
| | § Judge Mazzant |
| MICHAEL DEAN BROWN | § |
| | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Dkt. #805). Having considered the motion, the responses, and the applicable law, the Court finds that the motion will be **DENIED.**

## BACKGROUND

On January 28, 2020, Defendant Michael Dean Brown ("Brown") pleaded guilty to a violation of 21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine (Dkt. #449 at p. 1). On August 11, 2020, the Court sentenced Brown to 140 months of imprisonment followed by a 5-year term of supervised release (Dkt. #585 at pp. 2–3). Brown is serving his sentence at FCI Beaumont Low with a projected release date of December 17, 2028 (Dkt. #805 at pp. 2, 6). Brown has currently served approximately 46 months of his sentence (Dkt. #809, Exhibit 2 at p. 3).

Brown now seeks a reduction in sentence based on "extraordinary and compelling reasons," which Brown states is the need to care for his mother and brother, who both have had a recent change in circumstances (Dkt. #805, Exhibit 1 at p. 1). The Government opposes Brown's request. On September 6, 2022, Brown filed the pending motion for compassionate release, requesting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Dkt. #805). On September 16,

2022, the Government responded to Brown's motion (Dkt. #806). On October 3, 2022, Brown filed a reply (Dkt. #807), to which the Government filed a sur-reply on October 14, 2022 (Dkt. #809).

## LEGAL STANDARD

### I. 18 U.S.C. § 3582(c)(1)(A)

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A)(i), commonly referred to as compassionate release.

Section 3582(c) was enacted as part of the Sentencing Reform Act of 1984. Under the first iteration of the relevant provision, district courts were authorized to grant sentence reductions on the motion of the Director of the Bureau of Prisons ("BOP") if the BOP could establish the following conditions: (1) extraordinary and compelling reasons warranted a sentence reduction; (2) a reduction would be consistent with the applicable policy statements of the Sentencing Commission; and (3) a sentence reduction was warranted after consideration of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Notably, Congress did not define "extraordinary and compelling reasons" or otherwise indicate how that phrase should be interpreted other than to specify that rehabilitation alone did not qualify. *Id.* (quoting 28 U.S.C. § 994(t)). Instead, Congress delegated that authority to the Sentencing Commission, directing it to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Sentencing Commission eventually followed Congress's direction to define "extraordinary and compelling reasons" and promulgated United States Sentencing Guidelines ("U.S.S.G.) § 1B1.13. In application note 1 to § 1B1.13, the Sentencing Commission described what circumstances constitute "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13 cmt. n.1. The Sentencing Commission essentially created four categories of "extraordinary and compelling reasons," which can broadly be characterized as: (1) circumstances arising from certain medical conditions; (2) circumstances arising from the age of the defendant;[1] (3) issues arising from the defendant's family circumstances;[2] and (4) other reasons that the BOP agrees are extraordinary and compelling in a specific case. *Id.* And because § 3582(c)(1)(A) requires that any sentence reduction be consistent with the Sentencing Commission's policy statements issued pursuant to § 994(t), the policy statements contained in § 1B1.13 were binding on district courts considering § 3582(c)(1)(A)(i) motions. *See United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (holding that the Sentencing Commission's policy statements issued pursuant to 28 U.S.C. § 994 are binding on district courts when considering motions brought under 18 U.S.C. § 3582(c)).

In 2018, Congress amended § 3582(c)(1)(A) with the passage of the First Step Act. The amendment provided that, in cases where the BOP does not file a compassionate-release motion on the prisoner's behalf, the prisoner may personally file a motion for compassionate release. *Shkambi*, 993 F.3d at 391–92. This was the First Step Act's only change to the compassionate-

---

[1] Specifically, a defendant, who is at least 65 years old, who "is experiencing a serious deterioration in physical or mental health because of the aging process" and also "has served at least 10 years or 75 percent of his or her term of imprisonment" may meet the requirement that "extraordinary and compelling reasons" exist. U.S.S.G. § 1B1.13, cmt. n.1(B).

[2] Such family circumstances exist where: (1) a defendant has minor children whose caregiver dies or becomes incapacitated; or (2) "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C).

3

release framework. *Id.* at 391. Thus, while prisoners, in addition to the BOP, may now file motions for compassionate release, § 3582(c)(1)(A)(i)'s substantive requirements that govern a prisoner's entitlement to release remain the same. *See id.* at 392 ("But the [First Step Act] left undisturbed the other three § 3582 requirements.").

Following the First Step Act's expansion of who may file a motion under § 3582(c)(1)(A), courts were confronted with the question of whether the Sentencing Commission's definition of "extraordinary and compelling reasons," which was promulgated prior to the First Step Act when such motions could only be filed by the BOP, remained binding on district courts when considering compassionate-release motions. The Fifth Circuit addressed this question in *Shkambi*, holding that, while U.S.S.G. § 1B1.13 is a policy statement applicable to § 3582(c)(1)(A) motions filed by the BOP, it is inapplicable to § 3582(c)(1)(A) motions filed by prisoners. 993 F.3d at 392.[3] Accordingly, while U.S.S.G. § 1B1.13 dictates the meaning of "extraordinary and compelling reasons" when a § 3582(c)(1)(A) motion is filed by the BOP on a prisoner's behalf, it does not do so when, as here, a § 3582(c)(1)(A) motion is filed by a prisoner himself. *See id.* ("[T]he policy statement continues to govern where it says it governs—on the motion of the Director of the [BOP]. But it does not govern here—on the newly authorized motion of a prisoner." (internal quotations omitted)). Therefore, when a prisoner files a compassionate-release motion, courts must determine what constitutes an "extraordinary and compelling reason" under § 3582(c)(1)(A)(i).

---

[3] Several other circuits have similarly concluded that U.S.S.G. § 1B1.13 is inapplicable to such compassionate-release motions filed by prisoners. *See, e.g., United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). *But see United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that U.S.S.G. § 1B1.13 is an applicable, binding policy statement for all § 3582(c)(1)(A) motions).

## II. Extraordinary and Compelling Reasons

Though the Court is not bound by the Sentencing Commission's policy statement in U.S.S.G § 1B1.13 and its accompanying application notes when considering compassionate-release motions filed by prisoners, the policy statement is not wholly irrelevant. Courts should still look to the policy statement for guidance in determining what constitutes "extraordinary and compelling reasons" for a sentence reduction when a prisoner files a compassionate-release motion. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to the [U.S.S.G.] § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *see also, e.g., United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused."). Using the policy statement as guidance when considering prisoner-filed compassionate-release motions is warranted for several reasons.

First, whether a compassionate-release motion is filed by the BOP or a defendant, the statutory standard governing the motion is the same. Section 3582(c)(1)(A) provides that its requirements for obtaining a sentence reduction apply "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). And as noted above, the First Step Act did not change § 3582(c)(1)(A)'s substantive requirements. Thus, a policy statement defining "extraordinary and compelling reasons" in the context of BOP-filed motions necessarily informs what "extraordinary and compelling" means in the context of defendant-filed motions because the same standard governs both motions. In other words, § 3582(c)(1)(A)(i)'s

5

"extraordinary and compelling reasons" phrase does not implicate shifting substantive meanings depending on who invokes the statute.

Congress's application of a single standard to govern § 3582(c)(1)(A) motions—whether filed by the BOP or by defendants—is also evident in § 3582(c)(1)(A)'s exhaustion requirement. Before a prisoner can file a compassionate-release motion, he must first present his case to the BOP and request that the BOP file the motion on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A). Fulfilling this exhaustion requirement would be a nonsensical exercise if the standard governing the defendant's entitlement to release varied significantly depending on whether the BOP grants the defendant's request. Defendants would request compassionate release based on the interpretation of "extraordinary and compelling reasons" applicable to their motions while the BOP would evaluate such requests based on the interpretation applicable to its motions. The fact that defendants must first ask the BOP to file their compassionate-release motions before doing it themselves indicates that Congress intended no significant substantive distinction between BOP-filed and defendant-filed motions under § 3582(c)(1)(A).

Indeed, § 1B1.13 does not become useless as guidance for defendant-filed compassionate-release motions simply because its terms state that it applies to motions brought by the Director of the BOP. Rather, § 1B1.13 and its accompanying application notes "provide a working definition of 'extraordinary and compelling reasons'" because the standard applies equally to BOP motions and prisoner motions. *Gunn*, 980 F.3d at 1180. When the Sentencing Commission promulgated § 1B1.13, its intent was not to specify a unique standard for BOP motions but rather to define "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A).

Further, 28 U.S.C. § 994(t) does not direct the Sentencing Commission to adopt standards governing prisoner motions and standards governing BOP motions. Rather, § 994(t) directs the

6

Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). And as the Sentencing Commission itself has explained, U.S.S.G. § 1B1.13 and its application notes constitute the Commission's implementation of § 994(t)'s directive. *See* U.S.S.G. § 1B1.13 cmt. background ("This policy statement implements 28 U.S.C. § 994(a)(2) and (t)."). Because § 3582(c)(1)(A) governs BOP motions and prisoner motions alike, the Sentencing Commission's definition of § 3582(c)(1)(A)'s terms is instructive when considering a prisoner's motion brought under § 3582(c)(1)(A)(i).

For these reasons, the Court concludes that the "extraordinary and compelling reasons" applicable to defendant-filed motions are generally those that are similar in kind and scope to those listed in U.S.S.G. § 1B1.13's application notes. To be clear, the "extraordinary and compelling reasons" contained in the Sentencing Commission's policy statement are neither exhaustive nor binding on the Court. *Shkambi*, 993 F.3d at 392. But, in any event, the Court's analysis of whether Defendant has presented "extraordinary and compelling reasons" warranting the sentence reduction he seeks will be significantly guided—though not strictly bound—by the Sentencing Commission's description in U.S.S.G. § 1B1.13 and the accompanying application notes.

### III.     18 U.S.C. § 3553(a) Factors

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .

(5) any pertinent [Sentencing Commission] policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

## ANALYSIS

Brown moves for compassionate release based on family circumstances and proposes a release plan that would allow him to assist his brother and mother, while under "strict supervision" of the Government (Dkt. #805, Exhibit 1 at pp. 5, 7). The Government opposes Brown's request on two grounds (Dkt. #809 at p. 4). First, the Government argues that caring for his mother and/or brother are not valid "extraordinary and compelling reasons," according to the Sentencing Commission's relevant policy statement (Dkt. #809 at p. 4). Second, the Government argues Brown has not satisfied his burden of showing he is not a danger to the safety of the community under the § 3553(a) factors (Dkt. #809 at p. 5). The Court will address each argument in turn, however, the Court will first address whether Brown has exhausted his administrative remedies.

    **I.**    **Brown Has Satisfied § 3582(c)(1)(A)(i)'s Exhaustion Requirement**

Courts may not consider a modification to a defendant's sentence under § 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted their administrative remedies. 18 U.S.C. § 3582(c)(1)(A).

Since Brown's motion is a defendant-filed motion, the Court may only consider Brown's motion for compassionate release if he first meets § 3582(c)(1)(A)'s exhaustion requirement. Fully exhausting administrative remedies requires a denial by the warden of a defendant's facility or waiting thirty days without receiving a response to a request, whichever is earlier. *Id.* Section 3582(c)(1)(A)'s exhaustion requirement is not waivable. *See United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) ("Because the statutory language is mandatory—that a prisoner must exhaust their BOP remedy before filing in district court—we must enforce this procedural rule . . . .").

In the pending motion, Brown states that he submitted a request for compassionate release to the warden at FCI Beaumont on July 18, 2022, but he had not received a response yet (Dkt. #805 at p. 3). However, the Government responded and alleged that Brown had not made no request to the BOP for compassionate release or home confinement (Dkt. #806 at p. 1). Brown replied with proof that he submitted the request on July 18, 2022, and at this point, the warden had reviewed and subsequently denied his request (Dkt. #807, Exhibit 1). On September 28, 2022, the warden officially denied Brown's request for a Compassionate Release/Reduction in Sentence (Dkt. #807, Exhibit 1). Therefore, Brown has satisfied § 3582(c)(1)(A)'s exhaustion requirement and the Court can address Brown's motion.

## II.   Brown's Family Circumstances Are Not "Extraordinary and Compelling" Reasons

Brown argues that his family circumstances constitute extraordinary and compelling reasons to reduce his sentence and grant his release (Dkt. # 805, Exhibit 1 at pp. 6–7). Specifically, Brown's mother is seventy-five years old, lives alone, and was just diagnosed with dementia (Dkt. #805, Exhibit 1 at p. 6). Brown's brother is fifty-five years old and requires daily care because of a car accident that left him paraplegic (Dkt. #805, Exhibit 1 at p. 6). While Brown's brother was

9

initially being taken care of by his wife, she has since left him and filed for divorce (Dkt. #805, Exhibit 1 at p. 6).  After his wife left, Brown's brother was being taken care of by Brown's son (Dkt. #805, Exhibit 1 at p. 6).  However, Brown's son will move away soon for his job (Dkt. #805, Exhibit 1 at p. 6).  Brown requests for his removal because there is "no one else to step in" to take care of his brother or mother (Dkt. #805, Exhibit 1 at p. 6).  The Government argues that this situation does not qualify as an "extraordinary or compelling" reason because traditionally, taking care of a family member has only satisfied this requirement when it is the defendant's child or defendant's spouse (Dkt. #809, Exhibit 1 at p. 5).

While the Court is sympathetic to Brown's position, the Court generally agrees with the Government in this situation.  While family circumstances as a basis for compassionate release can be construed more broadly than how the Government contends, Brown's situation does not rise to the level of extraordinary and compelling reasons because the reality is that "[m]any, if not all inmates, have aging and sick parents," and Brown is not the "only available caregiver" for his mother or brother.  *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio Jul. 16, 2019); *United States v. Hudec*, No. CR 4:91-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020).

Brown's situation does not fall within the family circumstances category identified by the Sentencing Commission as situations that constitute "extraordinary and compelling reasons."  In the guidelines that it released, the Sentencing Commission put two examples of familial situations that do constitute extraordinary and compelling reasons:

**(C) Family Circumstances. –**

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the

10

defendant would be the only available caregiver for the spouse or registered partner. U.S.S.G § 1B1.13 cmt. n.1. Under the plain language of the Sentencing Commission's commentary, neither care for a parent or a sibling are a qualifying basis for early release.

Although the Court is not bound to the Sentencing Commission's policy statement, it is helpful for the Court to help guide its analysis. For example, one court acknowledged that although the exact scenarios described in the commentary are not required, family circumstances as a basis for compassionate release should "involve a situation where a prisoner's release is necessary to protect the well-being of an incapacitated family member." *United States v. Rivera Bustillos*, No. 3:16-CR-225, 2022 WL 2972282, at *3 (N.D. Tex. July 27, 2022).

Courts in this circuit have repeatedly held that caring for a sick and/or aging parent is not a qualifying family circumstance that establishes extraordinary and compelling reasons. *United States v. Latham*, No. 6:18-CR-16-4, 2020 WL 4192920, at *3 (S.D. Tex. July 20, 2020); *United States v. Caldwell*, No. 2:17-CR-774, 2020 WL 3250728, at *2 (S.D. Tex. June 16, 2020); *United States v. Richard*, No. 4:09-CR-37(1), 2020 WL 6686722, at *2 (E.D. Tex. Nov. 10, 2020). While some courts have found that a parent's situation could constitute an extraordinary and compelling reason, there has been an added requirement that the defendant is the "only available caregiver," meaning that the parent must have no other potential family members who could provide the needed care. *See Hudec*, 2020 WL 4925675, at *5; *United States v. Tucker*, No. 3:14-CR-367, 2021 WL 977100, at *2 (N.D. Tex. Mar. 15, 2021). In *Hudec*, the court recognized that someone was currently caring for the defendant's father and that the defendant had two brothers as well. 2020 WL 4925675, at *5. Based on those facts, the court concluded that the defendant was not the "only available caregiver." *Id.*

Here, even if the Court would allow Brown to pass the threshold of allowing a parent and/or

sibling to qualify as an extraordinary and compelling reason for compassionate release, Brown would not qualify as the "only available caregiver." As Brown states in his request, his son has been taking care of his brother, who only lives approximately 13 miles from his mother (Dkt. # 805, Exhibit 1 at p. 6). Brown has provided sufficient evidence to show that his brother is incapacitated and cannot care for their mother. However, the same is not true for Brown's son. Nothing provided shows that Brown's son could not care for his uncle or grandmother. The fact that he is working and still providing for his uncle now shows that he is more than capable of being a caregiver. As the Court has previously held, stating that "no other family member has accepted the responsibility" as the caregiver is much different from "no family member could" be the caregiver. *See United States v. Lynch*, No. 4:15-CR-012, 2022 WL 2671769, at *5 (E.D. Tex. July 11, 2022).

The Court recognizes that Brown argues that his son is leaving soon and will not be able to care for his brother any longer, but that does not change the analysis. Because Brown's son is an available caregiver for both Brown's brother and mother, Brown will not qualify as the "only available caregiver." Therefore, the Court finds that Brown will not meet the strict standard of "extraordinary and compelling reasons."

### III. Brown Has Not Satisfied His Burden for the Entirety of His Request

Even if the Court were to find that Brown was the "only available caregiver" for his brother and mother, the Government argues Brown has failed to meet his burden of showing that he is not a danger to the community. In his initial motion, Brown checked a box indicating that the "Director of the Bureau of Prisons determined that [he was] not a danger to the safety of any other person or the community" (Dkt. #805 at p. 4). However, the Court was not provided with any evidence of such a showing.

Additionally, Brown asks this Court to consider his rehabilitation that he has experienced in his three and a half years that he has spent in prison (Dkt. #805, Exhibit 1 at p. 7). While the Court can consider post-sentencing rehabilitation in determining whether it should grant a compassionate release, rehabilitation alone is not enough to constitute early release. *Hudec*, 2020 WL 4925675, at *5 (citing U.S.S.G § 1B1.10, cmt. n.1(B)(iii)). In fact, rehabilitation is only one factor considered with a multitude of other factors that do not weigh in Brown's favor, as Brown has yet to serve half of his sentence for a serious offense. *See Tucker*, 2021 WL 977100, at *3 ("Section 3553(a) requires the Court to consider, among other things, whether a sentence 'reflects the seriousness of the offense,' 'promotes respect for the law,' and 'provides just punishment for the offense.'"); *see also United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (stating that compassionate release is generally granted only "for defendants who had already served the lion's share of their sentences").

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Dkt. #805) is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 29th day of November, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE